Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| WILLIAM ALEQUÍN SANTIAGO<br><br>Peticionario<br><br><br>V.<br><br>ARCO PUBLICIDAD, LLC<br><br><br>Recurrido | TA2026CE00078 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2025CV11317<br><br>Sobre: Procedimiento Sumario bajo Ley Núm.2, Despido Injustificado (Ley Núm. 80), Discrimen (Ley Núm. 100) |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de marzo de 2026.

Comparece ante nos, el Sr. William Alequín Santiago (en adelante, "señor Alequín Santiago" o "Peticionario-querellante"), para que revisemos la *Orden* emitida y notificada el 8 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "tribunal de instancia" o "TPI").[1] Mediante esta, se declaró *No Ha Lugar* a la anotación de rebeldía solicitada por el señor Alequín Santiago.[2]

Evaluada la totalidad del expediente, **denegamos** la expedición del auto de *certiorari* solicitado.

**-I-**

El caso de epígrafe inició el **19 de diciembre de 2025**, ocasión en que el señor Alequín Santiago presentó una *Querella* sobre Reclamación laboral bajo el procedimiento sumario (Ley Núm. 2 de 1961); Despido injustificado (Ley Núm. 80 de 1976) y; Discrimen por

---

[1] Entrada Núm. 17 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").
[2] Entrada Núm. 12 de SUMAC.

razón de edad (Ley Núm. 100 de 1959) en contra de Arco Publicidad LLC (en adelante, "ARCO" o "Recurrido-querellado").

El **22 de diciembre de 2025**, el tribunal de instancia emitió el emplazamiento contra **ARCO** a la siguiente dirección: 115 AVE. PONCE DE LEÓN SUITE 22 SAN JUAN, PUERTO RICO 00909-5001.[3]

**Ese mismo día**, **ARCO**, sin someterse a la jurisdicción, radicó una *Urgente moción de desestimación al amparo de la Regla 10.2*.[4] Alegó que el tribunal carecía de jurisdicción sobre su persona por defectos en el emplazamiento.

El **23 de diciembre de 2025**, el TPI dictó una *Orden* concediendo al **señor Alequín Santiago** un término de veinte (20) días para expresarse.[5] **En la misma fecha**, el **Peticionario-querellante** sometió una *Moción informando diligenciamiento del emplazamiento*.[6] Incluyó copia del diligenciamiento del emplazamiento e información de la corporación.

No obstante, el **24 de diciembre de 2025**, **ARCO**, sin someterse a la jurisdicción, presentó una *Moción para que se dicte orden en cuanto a término para querellante expresarse en torno a moción de desestimación*.[7] El **Recurrido-querellado** solicitó que se acortara el término de veinte (20) días concedido al **señor Alequín Santiago** para expresarse sobre la moción de desestimación a un plazo de veinticuatro (24) horas. Ello dado que, el plazo de diez (10) días para contestar la querella vencía el 7 de enero de 2026 y, por ende, se veía en la obligación de presentar una alegación responsiva en o antes de dicha fecha.

---

[3] Entrada Núm. 5 de SUMAC.
[4] Entrada Núm. 6 -7 de SUMAC.
[5] Entrada Núm. 9 de SUMAC.
[6] Entrada Núm. 10 de SUMAC.
[7] Entrada Núm. 11 de SUMAC.

El **7 de enero de 2026**, el señor **Alequín Santiago** radicó una *Oposición a moción de desestimación y solicitud de rebeldía*.[8] Esgrimió que, como el caso de autos se trataba de una causa de acción al amparo de la Ley Núm. 2 de 1961, conocida como *Ley de Procedimiento Sumario de Reclamaciones Laborales*, la solicitud de desestimación debía incluirse como parte de la única alegación responsiva permitida. En consecuencia, arguyó que **ARCO** utilizó su oportunidad de realizar una alegación responsiva para limitarse a alegar la defensa de falta de jurisdicción sobre la persona, renunciando así a contestar la querella en sus méritos. Por lo cual, solicitó se declarara *No Ha Lugar* la moción de desestimación presentado por el **Recurrido-querellado**, y se le anotara la rebeldía conforme la sección 3 de la Ley Núm. 2 de 1961, *supra*.

Más tarde, en el mismo día **7 de enero de 2026**, **ARCO**, sin someterse a la jurisdicción, sometió su *Contestación a querella*.[9] Solicitó que se declarara sin lugar la querella de referencia.

El **8 de enero de 2026**, el TPI dictó y notificó una *Orden* en la cual declaró *No Ha Lugar* a la solicitud de anotación de rebeldía.[10] Además, tomó conocimiento de la contestación a la querella, y dio por sometida la moción de desestimación presentada por **ARCO**.

Tras varias incidencias procesales, el **13 de enero de 2026**,[11] el TPI emitió una *Resolución Interlocutoria* en la que determinó lo siguiente:

> A la moción de desestimación presentada por la Parte Querellada, el Tribunal dispone No Ha Lugar. [E]l Tribunal acoge los planteamientos del querellante, plasmados en la oposición a esos efectos presentada el 7 de enero de 2026, de modo que formen parte íntegra de la presente determinación. Se ordena la continuación de los procedimientos.

---

[8] Entrada Núm. 12 de SUMAC. La moción de referencia fue radicada a las 12:36 PM.

[9] Entrada Núm. 13 de SUMAC. La moción de referencia fue radicada a las 5:18 PM.

[10] Entrada Núm. 17 de SUMAC.

[11] Notificada al día siguiente.

Inconforme, el **20 de enero de 2026**, el **señor Alequín Santiago** instó el recurso que nos ocupa y señaló la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE ANOTACIÓN DE REBELEDÍA [sic.] Y, EN CONSECUENCIA, PERMITIRLE AL PATRONO QUERELLADO QUE PRESENTARA SEPARADAMENTE DOS ALEGACIONES AFIRMATIVAS, ELLO, EN ABIERTA VIOLACIÓN AL MANDANTO [sic.] TAXATIVO DEL TEXTO EN LA SECCIÓN 3 DE LA LEY NÚM. 2 DE 196[1].

El **23 de enero de 2026**,[12] emitimos una _Resolución_ en la cual concedimos al **Recurrido-querellado** un plazo de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de certiorari.

El **5 de febrero de 2026** ARCO radicó su _Oposición a la expedición del auto de certiorari._

Con el beneficio de la comparecencia de ambas partes, el **6 de febrero de 2026**, dictamos una _Resolución_ en la cual dimos por perfeccionado el recurso para la consideración del Panel.

-II-

-A-

Sabidos es que el auto de _certiorari_ es un medio procesal de carácter discrecional que, a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[13] Por ello, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[14]

Por lo tanto, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —_vía certiorari_— las resoluciones y órdenes emitidas por los tribunales de instancia:

> [E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 <u>o de la denegatoria de una moción de carácter dispositivo</u>. No obstante, y por excepción a lo

---

[12] Notificada el 26 de enero de 2026.
[13] _Mun. de Caguas v. JRO Construction,_ 201 DPR 703, 711 (2019); _IG Builders et al. v. BBVAPR,_ 185 DPR 307, 337 – 338 (2012).
[14] _García v. Asociación,_ 165 DPR 311, 321 (2005).

dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. <u>Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión</u>. [...].[15]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

    (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
    (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
    (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
    (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
    (E)  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
    (F)  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
    (G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[16]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

[D]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.[17]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[18]

---

[15] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*

[16] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

[17] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[18] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

**-III-**

En esencia, el **Peticionario-querellante** nos señala que el TPI incidió al denegar la solicitud de anotación de rebeldía y, en consecuencia, permitirle al **Recurrido-querellado** presentar separadamente dos alegaciones afirmativas en violación a la sección 3 de la ley núm. 2 de 1961.

Un examen de la *Orden* recurrida nos lleva a determinar que se trata de una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad de decidir los casos de la manera que entiendan razonable.

Es decir, no concurren las **excepciones** de la Regla 52.1 de Procedimiento Civil, *supra*, ni los **criterios** establecidos en la citada Regla 40 del Reglamento del Tribunal de Apelaciones que nos permitan intervenir con la decisión tomada por el TPI.

A tono con lo antes expuesto, resolvemos que no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Razón por la cual, no intervendremos con la determinación recurrida.

**-IV-**

Por los fundamentos antes expuestos, y en consideración a que estamos ante una resolución interlocutoria dentro de una causa de acción al amparo de la *Ley de Procedimiento Sumario de Relaciones Laborales*, según enmendada, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones